**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LUIS ANGEL CORDERO, JR., | Civil No. 11-3753 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| DONNA ZICKEFOOSE, | |
| Respondents. | |

**APPEARANCES**:

> LUIS ANGEL CORDERO, JR., #57220-06640074-066
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, NJ 08640
> Petitioner Pro Se
>
> PAUL A. BLAINE, ASSISTANT U.S. ATTORNEY
> PAUL J. FISHMAN, UNITED STATES ATTORNEY
> P.O. Box 2089
> Camden, NJ  08101

**HILLMAN, District Judge**

Luis Angel Cordero, Jr., an inmate currently confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his release date by the Bureau of Prisons ("BOP").  (Dkt. 1 at 30.) Cordero contends that the BOP violated the terms of the sentence imposed by Judge Baylson on December 9, 2005, in United States v. Cordero, Crim. No. 03-0088 (MMB) (E.D. Pa. filed Feb. 5, 2003), by failing to run Petitioner's 144-month sentence retroactively concurrent to the date of Petitioner's arrest by Pennsylvania

authorities on February 3, 2002.  See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002); 18 U.S.C. § 3584; U.S.S.G. § 5G1.3.  In response to the Petition and this Court's Order to answer, Respondents recalculated Petitioner's projected release date by giving him additional credit against his 144-month sentence for the time from March 6, 2003, through September 5, 2006, because the sentencing transcript shows that this is what Judge Baylson intended.  Petitioner filed a Rely arguing that Judge Baylson intended to give him an additional 13 months of credit from February 3, 2002 (date of Pennsylvania arrest) through March 5, 2003.  Because Respondents have given Petitioner the relief that he would have received if this Court had granted a writ of habeas corpus, this Court will dismiss the Petition as moot.

## I.   BACKGROUND

Petitioner challenges the calculation of his federal term of imprisonment by the BOP.  In the Petition (and Cordero's administrative remedy request), Cordero contends that the BOP violated the sentence imposed on December 9, 2005, by failing to give him credit for time served in the custody of Pennsylvania from February 3, 2002 (date of arrest by Pennsylvania) until September 5, 2006 (the day before Pennsylvania paroled him to his federal detainer).

In response to the Petition, the BOP recalculated Cordero's sentence to give him additional credit from March 6, 2003 (date

specified by Judge Baylson for commencement of the federal sentence), through September 5, 2006 (day before Pennsylvania released Cordero to federal authorities).  Petitioner argues in his Reply that the BOP has nevertheless failed to fully comply with the sentence because the BOP did not give him credit for the 13 months from February 3, 2002 (arrest date) until March 5, 2003.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the

calculation of his sentence by the BOP on federal grounds, he was in custody in New Jersey at the time he filed the Petition, see Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at 145.  The question here is whether the BOP's recalculation of his sentence to grant him additional credit from March 6, 2003, through September 5, 2006, caused this Petition to become moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7  (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Burkey, supra.

B.  Mootness

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

4

favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, even though the BOP has recalculated the sentence, Petitioner challenges his projected release date on the ground that the BOP failed to comply with the sentence imposed by Judge Baylson on December 9, 2005, by failing to give him credit from February 3, 2002 (date of Pennsylvania arrest) until March 5, 2003.

Where multiple terms of imprisonment are imposed at different times, 18 U.S.C. § 3584(a) permits the judge to order the federal term to run concurrently with a state term. See 18 U.S.C. § 3584(a). Section 3584 provides:

> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is

>being imposed, the factors set forth in
>section 3553(a).
>
>(c) Treatment of multiple sentence as an
>aggregate.--Multiple terms of imprisonment
>ordered to run consecutively or concurrently
>shall be treated for administrative purposes
>as a single, aggregate term of imprisonment.

18 U.S.C. § 3584.

Section 5G1.3 of the United States Sentencing Guidelines, entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," implements § 3584.[1] See Ruggiano v. Reish, 307 F.3d 121, 127 (3d Cir. 2002). In Ruggiano, the Third Circuit noted that the term "credit" can be used at sentencing to refer to credit awarded by the court under § 3584:

>The type of "credit" awarded by the
>sentencing court to Ruggiano, however, was
>completely different from the type of
>"credit" discussed in § 3585(b). While the
>latter is within the exclusive authority of
>the BOP to award, credit for time served on a
>pre-existing state sentence is within the
>exclusive power of the sentencing court.
>Indeed, as quoted above, § 3585(b)
>specifically prohibits the BOP from awarding
>credit for time that has been "credited
>against another sentence."

Ruggiano, 307 F.3d at 132 (quoting United States v. Dorsey, 166 F.3d 558, 564 (1999)); see also Rios v. Wiley, 201 F.3d 257 (3d

---

[1] In 28 U.S.C. § 994(a)(1)(D), Congress directs the United States Sentencing Commission to promulgate guidelines for use of a sentencing court in determining "whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively."

Cir. 2000) (sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guideline § 5G1.3(c) to order a federal sentence to be concurrent to a state sentence the defendant was already serving).

Here, the BOP originally calculated Cordero's 144-month sentence as beginning on September 6, 2006, the date Pennsylvania paroled him to federal custody.  (Dkt. 1 at 20, 30.)  After reviewing the sentencing transcript, the BOP determined that Judge Baylson intended Petitioner's 144-month federal sentence to begin on March 6, 2003, and the BOP recalculated the sentence to reflect this credit pursuant to § 3584.  The sentencing transcript shows that following colloquy occurred at sentencing:

> THE COURT:  All right.  Now, the next question I have is when was Mr. Cordero arrested in this case?  Was this [] a sweep where you arrested all the co-conspirators on a single day or not?
>
> [AUSA] TROYER:  No. There was - there were arrests of most of the co-defendants at a later time, but Mr. Cordero was picked up on - on a State warrant sometime earlier.  And I am trying -
>
> PROBATION OFFICER HASSINGER:  He was in custody when we did the sweep.
>
> [AUSA] TROYER:  Yes, when the sweep was done later, pursuant to the indictment, he was already in custody.
>
> THE COURT:  All right.  Well, I need a date by which his Federal sentence is going to start.  Mr. Hassinger, do you know when he went into custody?
>
> PROBATION OFFICER HASSINGER:  Based on the presentence report, Your Honor, on the face sheet March 6th is the official arrest date -
>
> THE COURT:  It says March 6, 2003.

> PROBATION OFFICER HASSINGER:  - but he was in custody prior to that.
>
> [AUSA] TROYER:  He was in - because he was - when he was arrested on the street by the - by the Philadelphia detectives who were working with the FBI, he was arrested not - not for this case, but for his outstanding warrant in State Court.
>
> THE COURT:  Right.
>
> [AUSA] TROYER:  He was doing state time ant it was - so that was why it was not until March 6th . . . .
>
> THE COURT:  Is that when this indictment was handed down?
>
> [AUSA] TROYER:  I think it was sometime before that.
>
> PROBATION OFFICER HASSINGER:  February 5th of '03
>
> [DEFENSE COUNSEL] LIST:  It was in February . . .
>
> THE COURT:  February 5th of '03.
>
> PROBATION OFFICER HASSINGER:  February 5th of '03.
>
> [AUSA] TROYER:  Right.  They actually put the detainer on Mr. Cordero and then had him brought to Federal custody in March.
>
> THE COURT:  Well, does anybody dispute that March 6, 2003 should be the start date for the beginning of my sentence?
>
> [DEFENSE COUNSEL] LIST:  We don't dispute it, Your Honor.
>
> THE COURT:  All right . . .

(Dkt. 5-1 at 40-42.)

At the end of the sentencing, the transcript shows that Judge Baylson imposed the following sentence:

> So, the conclusion that I have reached is that the judgment of the Court is that the defendant, Louis Cordero, is committed to the custody of the Bureau of

> Prisons for 144 months, that is twelve years.  You have already - you have credit for close to three.  You will get some time off for good behavior if you continue up your good work in prison.  And you will be out of jail when you are still in your young - in your early 30s.

(Dkt. 5-1 at 43.)

The sentencing transcript unequivocally shows that Judge Baylson intended Cordero's 144-month sentence to commence on March 6, 2003, not February 3, 2002, as suggested by Cordero.[2] This Court finds that, when the BOP gave Cordero credit from March 6, 2003, through September 5, 2006, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also Wilson v. Reilly, 163 Fed. App'x 122 (3d Cir. 2006) (When the Parole Board provided habeas petitioner with the relief he could have obtained in his § 2241 petition, this rendered his habeas claim moot).  This Court will therefore dismiss the Petition as moot.

---

[2] The issue of what the sentencing judge intended in issuing his sentencing order is essentially legal in nature.  See Ruggiano, 307 F.3d at 126.

## **III. CONCLUSION**

For the reasons set forth above, the Court dismisses the Petition as moot.

                                                                        /s/Noel L. Hillman  
                                                                        **NOEL L. HILLMAN, U.S.D.J.**

Dated:    December 30 , 2011

At Camden, New Jersey